IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| TODD G. HANNER and | ) | |
| TRISTA J. HANNER, | ) | CHAPTER 13 CASE NO. 09-60809 |
| Debtors. | ) | |
| | ) | |
| | ) | |
| TODD G. HANNER and | | |
| TRISTA J. HANNER, | ) | ADVERSARY. PROC. NO. |
| | ) | |
| Plaintiffs, | ) | |
| vs. | ) | |
| | ) | |
| SUNTRUST BANK, | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT TO DETERMINE SECURED STATUS AND REMOVE LIEN FROM REAL PROPERTY PURSUANT TO 11 U.S.C. § 506**

NOW COMES Todd G. Hanner (also known as Todd Gabrielle Hanner) and Trista J. Hanner (also known as Trista Jade Hanner), Debtors in the above-captioned bankruptcy (the "Debtors") by their undersigned counsel, and file this complaint pursuant to 11 U.S.C. § 506, and state as follows:

1. The Debtors filed a petition for relief under Chapter 13 of Title 11 of the United States Bankruptcy Code on March 16, 2009.

2. Defendant SunTrust Bank is an insured depository institution having a mailing address of 919 East Main Street, Richmond, Virginia 23219.

3. The Debtor Todd G. Hanner owns an improved parcel of residential real estate located at 300 Dell Perkins Road, Louisa, Virginia 23093 (the "Property") which is more particularly described as follows:

> All that certain tract, parcel or lot of land lying and being situate in the Green
> Springs Magisterial District, Louisa County, Virginia, containing 3.201
> acres, as shown on plat of survey dated May 22, 2000, by Joseph E.
> DiMeglio, C.L.S., of record in the Clerk's Office of the Circuit Court of
> Louisa County, Virginia, in Plat Book 8, page 1367 and 1368, whereon said
> property is shown as Lot 5, South Anna Hills Subdivision, being located on
> State Route 702; being the same property conveyed to Todd G. Hanner by
> deed dated August 12, 2004, of record in the aforesaid Clerk's Office in
> Deed Book 868, page 341.

4.     The Property is the Debtors' principal residence.

5.     The Debtors are indebted to SunTrust Mortgage, Inc. on a first mortgage loan having an unpaid principal balance of approximately $204,783 (the "First Mortgage") secured by the Property pursuant to a Deed of Trust dated December 28, 2007 and recorded in the said Clerk's Office in Deed Book 1109, page 045.

6.     According to recitals by SunTrust Mortgage, Inc.'s in its respective Deeds of Trust, the current First Mortgage represents, in whole or in part, a refinancing of a mortgage first made to the Debtors by Suntrust Mortgage, Inc. on August 12, 2004 (recorded in Deed Book 848, page 343) and previously refinanced on October 6, 2006 (recorded in Deed Book 1032, page 389).

7.     The Debtors are indebted to the Defendant SunTrust Bank on an equity line loan having an unpaid principal balance of approximately $39,000 (the "Equity Line") purportedly secured by the Property pursuant to a Credit Line Deed of Trust dated October 6, 2006 and recorded in the said Clerk's Office in Deed Book 1032, page 389 (the "Credit Line Deed of Trust") as modified by a Modification dated February 28, 2007 recorded in the said Clerk's Office in Deed Book 1062, page 448 and further modified by a Modification dated December 21, 2007 recorded in the said Clerk's Office in Deed Book 1109, page 469.

8.     Pursuant to real property assessments of Louisa County, Virginia, and in the Debtors' personal judgment, the current fair market value of the Property is no more than $180,000. Reflecting a general decline in real estate values, Louisa County, Virginia assessed the Property at $180,400 for 2008 and has assessed its value at $164,100 for 2009. A true and correct copy of Louisa County's Notice of Real Estate Assessment Value for 2009 (which also sets forth the 2008 assessment value) is attached hereto as Exhibit "A".

9.     Because the unpaid principal balance of the First Mortgage is in excess of the current fair market value of the Property, the Equity Line owed to SunTrust Bank is wholly unsecured.

10.    Bankruptcy Code § 506(a) provides that:

> An allowed claim of a creditor secured by a lien on property in which the estate has an interest...is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property...and is an unsecured claim to the extent that the value of such creditor's interest...is less than the amount of such allowed claim.

11 U.S.C. § 506(a).

11.    In accordance with Bankruptcy Code § 506(a), because the unpaid principal balance of the First Mortgage in favor of SunTrust Mortgage, Inc. is in excess of the current fair market value of the Property, SunTrust Bank is not in any respect a holder of a claim secured by the Debtor's residence and, as such, is entitled to only an unsecured claim as to the Equity Line loan.

WHEREFORE, the Debtors respectfully request that this Honorable Court enter an Order (i) granting judgment in Debtors' favor; (ii) finding that SunTrust Bank's Equity Line loan to the

2

Debtors is wholly unsecured; (iii) directing that the purported lien represented by the Credit Line Deed of Trust be stripped from the Property in accordance with the findings herein; and (iv) directing SunTrust Bank to execute in recordable form, and record in the said Clerk's Office, appropriate documents releasing of record the Credit Line Deed of Trust and its above-referenced Modifications.

Dated this 22nd day of April, 2009.


_____/s/ Richard D. Shepherd_____
Richard D. Shepherd
VSB #19976
The Law Office of Richard Shepherd
Location: 92-B Industrial Way, Suite 5
U.S. Mail: P.O. Box 1045, Troy, VA 22974-1045
(434) 242-0329
e-mail: richard@CentralVaLaw.com
Counsel for Debtors

| EXHIBIT A |

County of Louisa
P. O. Box 8
Louisa, VA 23093

Real Estate Assessor's Office
Tel (540) 967-3450
Fax (540) 967-4592
E-Mail: assessor@louisa.org

January 12, 2009

**This is not a tax bill, however** this assessment will be the basis for determining your real estate taxes due in December 2009

*007274/1--S 18--B 0
Hanner, Todd G & Trista Jade
300 Dell Perkins Rd
Louisa, VA 23093-4620

## NOTICE OF REAL ESTATE ASSESSMENT VALUE FOR 2009

Real Estate Described As: SOUTH ANNA HILLS, PB 8-1367 LOT 5, DB 823/606 3.201AC, DB 868/341 DB 877/528

Tax Map# 38 30 5           District: GREENSPRINGS           Acres: 3.201

|  | Prior Year Values (2008) | Proposed January 2009 Values |
|---|---|---|
| Land | 45500 | 45500 |
| Structures | 134900 | 118600 |
| **Total Taxable Value** | 180400 | 164100 |

Assessed Values are reflective of 100% of the subject property's estimated Fair Market Value as established by the Real Estate Assessor in accordance with County and State statutes for the tax year represented. You may obtain additional information on the County's website www.louisacounty.com If you believe your property is not assessed at fair market value or is not uniform with surrounding properties you may appeal to this office by the stated deadline. You can appeal in writing, by phone, through our email or by making an appointment to meet in person. Values may be raised or lowered based on factual information.

The 2009 tax rate has not been set as of this date. The Louisa County Board of Supervisors will meet during the month of May to set the rate. The date of that meeting will be advertised in the Central Virginian newspaper prior to the meeting.

Louisa County Notice of Reassessment Hearings

All hearings on the reassessment will be held in the Assessor's Office, County Administration Building, Louisa, Virginia. If you need to discuss or appeal your assessment, you must call the following number for an appointment. Please contact us or schedule your appointment well before February 27, **the deadline for all appeals is Friday February 27, 2009.**

### (540) 967-3450

**All hearings are by appointment only.** The following dates and times apply to all districts and towns:

**Tuesday Feb 17 through Friday Feb 20  9 to 4:30  Monday Feb 23 through Friday Feb 27  9 to 4:30**

Pursuant to Title 58.1, Section 3370 through 3389, of the Code of Virginia, an Equalization Board has been appointed. By County Ordinance, this Board must receive all appeals (those not resolved during the County Assessor's hearings) by March 31, 2009 and complete its work by May 30, 2009. The time and place of the Board of Equalization hearings will be advertised in the Central Virginian newspaper prior to the hearings. **All hearings are by appointment only.**

**Section 58.1-3330 of the Code of Virginia provides that any person other than the owner who receives such assessment notice, shall transmit the notice to such owner, at their last known address, immediately on the receipt thereof.**

7274-1